ATLANTIC COUNTY CIRCUIT COURT.

CLARENCE E. KNAUER, TRUSTEE OF THE ESTATE OF WALTER RILEY, BANKRUPT, PLAINTIFF, v. CITY OF VENTNOR CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided October 21, 1935.

For the plaintiff, *John Rauffenbart.*

For the defendant, *Hiram Steelman.*

JAYNE, C. C. J.   A motion is made in behalf of the defendant to strike out the complaint in this action.   The reason assigned is that the complaint fails to allege a cause of action. Concisely stated, the complaint alleges that on January 26th, 1933, Walter Riley, while operating a motor vehicle of the police department in the pursuit of his service as a police officer, collided with and injured one Charles Krauthouse. The complaint reveals that Krauthouse prosecuted an action in the Atlantic County Circuit Court against Riley to recover compensatory damages and a verdict for Krauthouse with an award of $7,500 damages eventuated.   Additionally the complaint declares that on June 22d, 1934, Riley was adjudicated a bankrupt, the plaintiff was duly appointed trustee in the bankruptcy proceedings and that Krauthouse has filed with the referee in bankruptcy proof of his judgment against

the bankrupt. This introductory narrative of facts in the complaint is followed by the allegation that it was the duty of the defendant, Ventnor City, to cause Riley to be insured in the sum of $5,000 against any such liability resulting from his operation of a vehicle of the police department and that the defendant was remiss in the fulfillment of this duty to the detriment and loss of the bankrupt to whose rights the plaintiff in his representative capacity has succeeded. The plaintiff accordingly seeks in this action to recover $5,000 from the city.

In the consideration of this motion, it may be at once assumed that the liability imposed upon Riley was a consequence of his negligence for which the city, a municipal corporation, could not be held responsible under the doctrine of *respondeat superior*. Therefore the city was not liable to Krauthouse for the injuries he thus sustained nor was the city under any legal obligation to pay the damages awarded to him in his action against Riley.

It is argued in behalf of the plaintiff, however, that the city was under the duty to afford Riley protection against such a loss by means of liability insurance in the specified amount of $5,000. To confirm this contention, counsel points to the statute of 1931 (*Pamph. L.* 1931, *p.* 202) to which reference is made in the complaint. *N. J. Stat. Annual* 1931, *p.* 292, § *136-1950A(3). The pertinent part of the statute may be exhibited as follows:

1. "Every political subdivision in this state shall cause to be insured the drivers of its motor cars, trucks and other vehicles, including the drivers of fire and police apparatus, and the drivers of such motor cars, trucks and other vehicles, including fire and police apparatus which shall be under the control of such political subdivision, against liability for damages resulting in personal injury or death or damage to property caused by reason of the operation and use of such motor cars, trucks, vehicles and other apparatus. Said insurance may be issued in the name of said political subdivision, but it shall insure the authorized drivers of said motor cars, trucks and other vehicles against liability for damages to property,

in any one accident, to an extent of not less than one thousand dollars ($1,000) and against liability for injuries or death of one person, in any one accident, to an extent of not less than five thousand dollars ($5,000) and against liability for injuries or death of more than one person, in any one accident, to an extent of not less than ten thousand dollars ($10,000)."

2. "Every political subdivision shall be defined, for the purposes of this act, to include every county, city, town, township, village and borough of this state."

It is said that the intent of the legislature to require municipalities to procure such insurance becomes evident when the earlier legislation upon this subject (*Pamph. L.* 1926, *p.* 46; *Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1124, 1125, §§ *136-1950A(1), (2), (3) is contrasted with the statute of 1931 (*supra*). The legislature manifestly deemed it expedient to establish in the governmental affairs of such municipalities an administrative policy which would afford the drivers of municipally owned vehicles the designated protection by insurance against the stated liability. The adoption of such a policy was not intended solely for the benefit of the certain individuals who were to be protected by the insurance. It was undoubtedly determined that the adoption of such a policy would be in the public interest. Recognizing, for example, that the drivers of the fire and police department vehicles were rendering a public service and in the performance of such service might incur liability for injuries to others, it was undoubtedly considered to be in the public interest to afford not only protection to such drivers against liability, but also to provide a means by which such liability might be discharged. The legislature committed the accomplishment of this protective measure to the governing bodies of the municipalities but did not prescribe any penalty for the failure of the municipal officials to comply with the directions of the statute and did not impose any liability on a municipality in the event that any such driver suffered loss in consequence of the failure of the municipal officials to comply with the terms

of the statute. Assuming that the duty of the governing body of the city to insure the drivers of its vehicles was mandatory, it was nevertheless a duty of a governmental character. The neglect or failure of the governing officials to obey the mandate of the statute does not of itself create a cause of action maintainable against the municipality in behalf of one who was detrimentally circumstanced by the dereliction of the governing officials.

In this action the alleged liability of the city is predicated solely upon the failure and neglect of the city council to perform a governmental duty. No such action is maintainable unless afforded by statute. It is appropriately the function of the legislature to authorize the prosecution of a civil action against a municipality by an individual who has suffered injury in consequence of the neglect of the municipal officials to perform a public and governmental duty, if the creation of such a cause of action is deemed proper and expedient. The obligation of the municipality to perform the governmental duty may be imposed by statute but the doctrine still prevails that the neglect of a municipal corporation to perform or its negligence in the performance of a public duty imposed on it by law, is a public wrong and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect.

Counsel have failed to invite attention to any reported case in our state in which a similar factual situation existed. The Supreme Court of Pennsylvania was concerned with an analogous case in *Szilagyi* v. *City of Bethlehem,* reported in 167 *Atl. Rep.* 782.

This view of the case renders it unnecessary to discuss the other reasons assigned in support of the motion.

A rule may be entered striking out the complaint.